Reese, J.
delivered the opinion of the court.
In so much of the charge of the circuit court as is set forth in the bill of exceptions there are two propositions.
1. That upon the absolute sale of personal property, where possession neither accompanies, nor follows the sale, that circumstance does not constitute the transaction a fraud in law, but although strongly indicative of fraud, it is susceptible of explanation; and 2. Where there is an absolute sale of several articles, some of which are consumable in their nature, such as meat, corn, fodder &c., and possession in like manner neither accompanies nor follows the sale; but they remain in the possession of the vendor, upon an arrangement and understanding with the vendee, that the former might use such consumable article, such arrangement and understanding would make the entire sale fraudulent in law.
This latter proposition is alleged to be erroneous, and the *583 counsel for the plaintiff below admits it to be so, if the court is to be understood as speaking of an agreement or understanding distinct from and subsequent to the sale. But they insist that the circuit court intended an agreement or understanding which constituted one of the terms of the very sale itself.
We do not understand the charge in this sense. Both propositions relate to an absolute sale, and to the effect of the possession continuing with the vendor.
In a case, where none of the articles are in their nature consumble, such possession is a badge of fraud, says the court; but when a portion of the articles are in their nature consumable, and the possession continues with the vendor, and the vendee agrees, or consents that the consumable articles may be used by the vendor, this makes the entire sale void in law.
If it were one of the terms of the contract of sale, that certain consumable articles should remain with the vendee, and be used by him, it would be a solecism in language to call such transaction an absolute sale; for even as between vendor and vendee themselves such articles would not in fact have been sold at all.
Understanding the charge, as we do, and as we think the jury must have understood it, we deem it erroneous. The cases of Darwin vs. Handley, 3 Yer. 502; Sommerville vs. Horton, 4 Yer. 541; Simpson vs. Mitchell, 8 Yer. 419, and a case at the present term of this court, Trabue vs. Willis,* decide that where an assignment by deed is made to secure *584 a creditor, and articles consumed by tbe use of them are included, and there is a reservation of the possession and use of the properly, such reservation of consumable articles, manifests the intention of the parties not to have been bona fide; and such deed is, on that ground, held to he fraudulent in law.
But if a party purchase property absolutely, at a fair and full price, and leave it in possession of the vendor, this, although a strong circumstance of fraud, is subject to be explained, even although some of the articles so left in the possession of the vendor were consumable in the use, and after the sale, the vendee agreed that they might remain and be used.
Let the judgment be reversed, and a new trial be had, and the law on such trial be charged as in this opinion.

Trabue vs. Willis.
FRAUD. Assignment of consumable articles to secure a debt. If it be stipu-r lated in an assignment to secure debts, that the assignor shall have the use and possession of consumable articles embraced in Ihe deed, the assignment is void, though lie do not in fact use those articles, but they are afterwards sold and the proceeds applied to the payment of his debts.
In this case, which was an appeal from the chancery court’ at Winchester, a distinction was attempted between it and those cited by the court, upon the ground that the consumable articles, the useof which had been reserved to the debtor in the deed, had not, in point of fact, been used by him, but had been sold and ¡.he proceeds applied towards the payment of one of his debts. For the purpose of preserving the. answer given by the court to this [distinction, so much of the opinion of Judge GbjskN as relates to that point is here reported. *584 After disposing* of several other questions which had been raised in the cause, his Honor proceeded.
The only remaining question is, whether the deed of trust is fraudulent? And we think it is. It conveys alargue amount of personal property, and among other things, a quantity of com and fodder-, and there isa stipulation that A. F. Willis is to have theuse and possession of the property until he should make default of payment. This stipulation for the use of such articles as corn and fodder,— (necessarily consumable in the use,) makes the deed fraudulent upon its face, by its very terms. Darwin vs. Handley, 3 Yer. 503; Crutcher vs. Horton 4 Yer. 541. It is true the fraud is denied in the answers, and it is said that these consumable articles, were not in fact consumed by A. F. Willis,but were sold and the proceeds applied to the payment of the debts mentioned in the deed. If this were true it could not restore the deed, and give itlegal vigor, when the law had pronounced it void. Ifil was made to hinder and delay creditors, it is void; — and that it may not have had this effect in fact, cannot make it valid. — Otherwise its validity or invalidity would depend, not upon the intention of the parties as proved to exist, or as shown by the terms of the deed, — but upon the manner in which the property should be afterwards treated.
Taül and Meigs for complainants.
James Campbell for defandant.